# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Daryl L. Figueroa, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 2:09-84-PMD |
| v. | ) | |
| | ) | |
| Janet Napolitano, Secretary of the United | ) | **ORDER** |
| States Department of Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon Defendant Janet Napolitano, Secretary of the United States Department of Homeland Security's ("Defendant") motion to dismiss Plaintiff Daryl L. Figueroa's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. On February 19, 2020, the Magistrate Judge recommended that Plaintiff's complaint be dismissed. Plaintiff filed a timely Objection to the R&R. Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

**A.      Plaintiff's Applications for CBP Positions**

Plaintiff's complaint challenges his age disqualification from a position with Customs and Border Protection ("CBP") on the ground that Defendant's established maximum entry age constituted a violation of the Age Discrimination in Employment Act ("ADEA"). Plaintiff applied for a position as a CBP Officer in February 2007. (Compl. ¶ 14.) In March 2007,

1

Plaintiff completed an examination as part of the application process. *Id.* ¶ 17. On that examination he received a score of 80, which was automatically increased to a score of 85 due to his reported status as a preference eligible veteran. (Mot. to Dismiss Ex. B) (hiring center notice indicating 5 extra points for veteran preference). Plaintiff's score enabled him to qualify for a position in Long Beach, California, however Plaintiff declined that position. (Compl. ¶¶ 18-19.) Around July of 2007, Plaintiff resubmitted his application, specifying a preference to work in Charleston, South Carolina. *Id.* ¶ 20.

**B.     Establishment of Maximum Age Requirements for CBP Officer Positions**

Section 3307 of Title 5 of the U.S. Code authorizes establishment of maximum ages for appointments to various law enforcement and law-enforcement-like positions in the federal government. 5 U.S.C. § 3307. The Consolidated Appropriations Act of 2008 (Pub. L. No. 110-161, 121 Stat. 1844) amended section 3307 to authorize the establishment of maximum entry age limits for CBP Officer positions. 5 U.S.C. § 3307 (g) ("The Secretary of Homeland Security may determine and fix the maximum age limit for an original appointment to a position as a customs and border protection officer, as defined by § 8401(36).") On May 17, 2008, the Secretary for the Department of Homeland Security set the maximum entry age for CBP Officers to 37 years of age. At this time, Plaintiff was 40 years old. *See* (Compl. ¶ 10.)

**C.     Plaintiff's Equal Employment Opportunity Complaint**

On June 27, 2008, the CBP Officer Team notified Plaintiff that he was no longer eligible for selection because he was older than 37 and had not been selected for a CBP position prior to the effective date of the policy. (Compl. ¶ 3); (Mot. to Dismiss Ex. B) (EEO Compl. pp. 6-7) ("Candidates must be referred for selection for this position before reaching their 37th birthday.") Plaintiff then attempted to "re-register" for the position, and engaged in a series of e-

mail correspondence with the CBP Office regarding the new age limitation. (EEO Compl. pp. 4-7.) During this series of short exchanges, Plaintiff sought to understand why he had become ineligible for the position and the CBP responder continuously referred Plaintiff to a notification letter, which outlined the implementation of the new age policy. *Id.* CBP explained that unless Plaintiff had a current tentative selection letter for a position, which he did not, then he would be ineligible for a CBP position under the new policy. *Id.*

Plaintiff then filed an Equal Employment Opportunity ("EEO") age discrimination complaint with the Department of Homeland Security ("DHS"), alleging that "during the [email] conversation I was told that I was too old to apply for that position." (EEO Compl. p. 3.) On October 20, 2008, the EEO Office dismissed Plaintiff's complaint on the ground that the age requirement is exempt from the ADEA, and this action followed. (Def.'s Mot. to Dismiss Ex. C.) On March 23, 2009, Defendant moved to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1), and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

**D.     Plaintiff's Response to Defendant's Motion to Dismiss**

On April 21, 2009, Plaintiff filed a response to Defendant's motion to dismiss. In his response, Plaintiff argued that employers can only set age limitations without violating the ADEA if they can demonstrate that the age restriction is a bona fide occupational qualification necessary to the normal operation of the business. (Pl.'s response p. 3.); 29 U.S.C. § 623(a) ("BFOQ defense"). Yet, Plaintiff also conceded that "most courts addressing the issue hold that 5 U.S.C. § 3307 provides an exception to the ADEA ... this means that maximum entry age requirements by the excepted agencies will be viewed as valid without resort to a bona fide occupational qualification analysis." (Pl.'s response p. 4.)

Nevertheless, Plaintiff asserted that while he brought his claim solely under the ADEA, the Defendant's actions violate both the ADEA and the Veteran Employment Opportunity Act ("VEOA"), and he should "be able to append the VEOA violation onto his ADEA violation to prove his case." *Id.* at 5. Plaintiff indicated that 5 U.S.C. 3330a(e)(2) prevented him from bringing a VEOA claim simultaneously with his ADEA claim. *Id.* Plaintiff also claimed that he should have been able to argue under both statutes because the VEOA is closely related to the ADEA, in that it requires all age limitations to be waived for preference eligible veterans, unless the age requirement is essential to the performance of the duties of the position. *Id.* at 4. Furthermore, Plaintiff relies on *Isabella v. Dep't of State*, 106 M.S.P.R. 333 (2007), a case decided before the Merit Systems Protection Board ("MSPB") regarding a VEOA claim, to argue through case comparison that age is not essential to the performance of the duties of a CBP Officer. *Id.* (*citing* 106 M.S.P.R. 333, 2007, M.S.P.B. 186 (2007)). This analysis led Plaintiff to the conclusion that the maximum entry age requirement should have been waived in this case as it was in *Isabella*. *Id.*

E.  **Revised Policy for Maximum Age Requirement**

On May 19, 2009, DHS issued a revised interim policy regarding the age restriction at issue in this lawsuit. *See* (Def.'s Mot. to Dismiss Ex. D) (May 19, 2009 Mem.) (hereafter "Revised Policy.") According to the Revised Policy, the maximum age requirement "shall not apply to the hiring of preference eligibles, unless the hiring Component can show that the age requirement is essential to the performance of the duties of the position for which application has been made". *Id.* The revision enables preference eligibles like Plaintiff to apply for vacant positions with the CBP, even when surpassing the maximum-entry-age delineated for the position, as long as CBP has not determined that the age requirement is essential to the duties of

a CBP officer. *See id.*

The Revised Policy undermined the merits of Plaintiff's claim for injunctive relief relating to the previous 2008-2009 policy, because redress for the alleged harm was achieved by excusing preference eligibles from the maximum age restriction for the CBP position (unless age is demonstrated to be essential to the position). *Id.* Therefore, Defendant moved to withdraw the motion to dismiss, and that withdrawal was granted on July 29, 2009. However, after the Magistrate Judge conducted a teleconference to clarify the status of this action, it was determined that because Plaintiff's claim also alleged *past* age discrimination arising from the policy in effect before May 19, 2009, Plaintiff's claims for "actual and special damages" presented a live controversy. The live controversy included damages for lost back and future wages, income and benefits, and expenses associated with finding other work. Accordingly, Defendant renewed her motion to dismiss on September 10, 2009.

**F.     Defendant's Arguments in Support of Renewed Motion to Dismiss**

In the September 10, 2009 memorandum, Defendant argues that Plaintiff's claims for past discrimination must be dismissed, *inter alia*, for two main reasons. First, because Plaintiff failed to state a claim for which relief can be granted under the ADEA, because 5 U.S.C. § 3307 creates a statutory exception to the ADEA. (Def.'s Mem. September 10, 2009 p. 6.) Second, because the Court lacks subject matter jurisdiction over any claims Plaintiff may attempt to raise indirectly under veteran's preference statutes. *Id.*

Regarding the second issue, Defendant argues that the VEOA is a "well-defined remedial scheme for veterans who allege that agencies have violated their rights under laws relating to veterans' preferences" and claimants must follow a series of steps (including appealing to the MSPB) before filing an action with the appropriate United States district court. *Id.* at 12.

Defendant submits that Plaintiff failed to follow the VEOA's required procedure, which must be fulfilled before reaching the district court, and thus, "to the extent that Plaintiff's mere invocation of the VEOA can be deemed an effort to raise a claim thereunder, that claim has not been exhausted and jurisdiction is therefore lacking." *Id.* at 13. Furthermore, Plaintiff's invocation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") also "mandates compliance with its own exhaustion requirements," yet unlike VEOA, "USERRA does not contemplate review in U.S. district court at all." *Id.*

### G.     Magistrate Judge's Report and Recommendation

On February 19, 2010, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court grant Defendant's motion and dismiss the case with prejudice. (R&R p. 8.) In his R&R, the Magistrate Judge first indicated that uniform precedent establishes that the authority to set age limits for federal law enforcement positions under Title 5 U.S.C. § 3307 constitutes a valid exception to the requirements of the ADEA. *Id.* at 5; *See, e.g.*, *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 68-69 (2000).

Next, the Magistrate Judge dismissed Plaintiff's argument that he must be able to append his VEOA claim to his ADEA claim to prove his case. *Id.* p. 6. While Plaintiff argued that he was restricted from bringing both an ADEA claim and a VEOA claim simultaneously, and that he needed "both statutes to maintain his claim," the Magistrate Judge found that Plaintiff had misconstrued 5 U.S.C. § 3330a(e)(2) in building his argument. *Id.* Rather than preventing two simultaneous claims of any violation, the Magistrate Judge found that § 3330a(e)(2) only prevents simultaneous claims for redress brought under subsection (a) of the statute. *Id.* ("[a] preference eligible may not pursue redress for an alleged violation described in subsection (a) under this section at the same time the preference eligible pursues redress for *such violation*

under any other law, rule, or regulation") (quoting 5 U.S.C. § 3330a(e)(2) [emphasis added].)

Finally, the Magistrate Judge found that the Court lacked subject matter jurisdiction over Plaintiff's claim brought under VEOA, because Plaintiff failed to exhaust his administrative remedies under the VEOA. *Id.* at 7. Therefore, the Magistrate Judge determined that the Defendant was entitled to dismissal of the case. A review of the entire record indicates that the R&R accurately summarizes this case and the applicable law pertinent to the issues before the Court. Accordingly, the Court adopts the R&R in full.

## STANDARD OF REVIEW

### A. Magistrate Judge's R&R

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140 (1985).

### B. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Federal Rule

7

of Civil Procedure 12(b)(1), raises the fundamental question of whether a court has the authority to adjudicate the matter before it. This court is a court of limited subject matter jurisdiction. To adjudicate claims brought before it, this court must have both a constitutional and statutory grant of authority to exercise jurisdiction over the matter in question. *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.* 369 F.3d 385 (4th Cir. 2004).

**C.**     **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." *Federal Trade Comm'n v. Innovative Mktg, Inc.*, 654 F.Supp.2d 378, 384 (D. Md. 2009) (underlined in original). The Supreme Court has recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. See also Harman v. Unisys Corp*., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

## ANALYSIS

The Magistrate Judge found that age limitations imposed for federal law enforcement positions under 5 U.S.C. § 3307 constitute a valid exception to the ADEA, and thus it was permissible for Defendant to exclude Plaintiff from a CBP position without having to demonstrate that age is essential to the performance of CBP Officer duties. (R&R p. 5.); 5 U.S.C. § 3307. In his objections to the R&R, Plaintiff does not dispute that § 3307 creates a valid exception to the ADEA. (Pl.'s Objection to R&R p. 4) ("§ 3307 (age limits for federal law enforcement officers) does create an exception to the ADEA.") Rather, the crux of Plaintiff's argument is that the VEOA "amends this exception." *Id.* Essentially, Plaintiff argues that the VEOA interacts with the ADEA, "by requiring a federal agency to prove that a given age limit is essential to the performance of the duties of the job - at least in the case of an individual with veteran status." *Id.* Plaintiff maintains that his claim is independently valid under the ADEA because of the way that the VEOA affects ADEA's requirements. The Court finds that Plaintiff's argument is without merit.

Both parties agree that § 3307 is a valid exception to the ADEA, as does the Court, in accordance with established precedent. 5 U.S.C. § 3307. Numerous courts have held that the statutorily authorized maximum age requirements set forth in § 3307 are exempt from the ADEA's reach, because they are congressionally mandated exceptions to the ADEA. *See e.g.*, *Stewart v. Smith*, 673 F.2d 485 (D.C. Cir 1982); *see also* (R&R p. 5.) The Court agrees with the Defendant that statutes granting the ability to set age limitations are "not in conflict with the

9

ADEA, but are, rather, legislated exceptions from its reach." (Def.'s Opposition to Pl.'s Objections to the R&R p. 8.) On this issue, the Court adopts the Defendant's rationale that 5 U.S.C. § 3307 (g) is materially identical to the statutes that courts have uniformly established as exceptions to the ADEA requirements. (Def.'s Mem. Supporting Mot. to Dismiss p. 10.) Furthermore, the Court finds Defendant was correct in noting that "Congress is presumed to be aware of judicial interpretations of a statute, and is presumed to have incorporated those interpretations when it re-enacts or amends the statute without material change." *Id.* Accordingly, the Court finds that Congress intended for 5 U.S.C. § 3307 to apply to the same extent to CBP Officers as it has to other federal law enforcement officers in past cases.

On the issue of the interaction between the VEOA and the ADEA, the Court agrees with the Defendant that the two statutes establish independent remedial schemes, mandating separate procedural compliance. Defendant correctly notes that the VEOA could not possibly have "amended" the statutory exception to the ADEA, because that provision did not exist when the VEOA was enacted. (Def.'s Opposition to Pl.'s Objection p. 14.) The Court finds that the two statutes at issue serve independent functions and do not interact in the way Plaintiff alleges. Thus, Plaintiff's claim under the ADEA is dismissed for failure to state a claim under which relief can be granted, because the claim is barred by the statutory exception acknowledged by both parties.

Plaintiff claims that he has not been given an age-requirement waiver, which he believes is required by veterans' preference laws, and the Court finds that this claim for relief "lies squarely within the scope of the remedial scheme established by the VEOA." (Def.'s Opposition to Pl.'s Objection p. 12); (Pl.'s Objections to R&R p. 4.) The VEOA would have provided a proper basis for Plaintiff's age discrimination claim, if brought before the MSPB; however,

Plaintiff did not bring such a claim. Plaintiff's initial Response to the Defendant's Motion to Dismiss frames an argument around *Isabella,* a VEOA claim which is factually on point with Plaintiff's case; however, it was brought before the MSPB, the proper tribunal, and under the proper procedural process of exhausting administrative remedies. (Pl.'s Response to Def.'s Mot. to Dismiss p. 5); 106, M.S.P.R. 333, 2007, M.S.P.B. 186 (2007). Alternatively, as Defendant correctly states, this claim "is an unexhausted veterans' preference claim, dressed up as an age discrimination claim and brought before the wrong tribunal." (Def.'s Opposition to Pl.'s Objection p. 16.)

In his Response on April 21, 2009, Plaintiff asserted the ability to "append the VEOA violation onto his ADEA violation to prove his case," and in his Objection on March 8, 2010, he claimed that he was "not trying to append a VEOA claim" but rather was solely asserting an ADEA claim (because he believed that the VEOA amends the § 3307 statutory exception). (Pl.'s Response to Def.'s Mot. to Dismiss p. 8); (Pl.'s Objection to R&R p. 4.) However, the Magistrate Judge correctly states in the R&R that "[i]n order for the Court to have subject matter jurisdiction on a claim brought under the VEOA, Plaintiff must first have exhausted his administrative remedies." (R&R p. 7) (quoting *Branham v. Asture*, 2010 WL 419395 at *6 [dismissing veteran's preference claim for failure to exhaust]). Thus, whether Plaintiff is attempting to append a VEOA violation onto his ADEA violation, or is asserting that the VEOA amends his original claim, the Court does not have jurisdiction over a claim invoking the VEOA because Plaintiff has failed to follow the statutorily prescribed procedures governing veterans preference claims.

Before a VEOA claim reaches a United States district court, it must follow several procedural steps. Under the VEOA, an aggrieved party "may file a complaint with the Secretary

of Labor" and this must be done "within 60 days after the alleged violation."  5 U.S.C. § 3330a(a)(1)(A); 5 U.S.C. § 3330a(a)(2)(A).  After the Secretary of Labor has conducted an investigation of the complaint and is unable to resolve the complaint within 60 days, claimant may then elect to appeal to the MSPB.  *Id.* § 3330a(d).  If claimant has completed these and other procedural steps and more than 120 days have passed from the date of appeal to the MSPB, claimant may elect to "terminate those administrative proceedings and file an action with the appropriate United States district court not later than 60 days after the date of the election."  5 U.S.C. § 3330b(a).  As Defendant correctly notes, the failure to exhaust these remedial mechanisms warrants dismissal of Plaintiff's claims.  (Def.'s Reply in Support of Renewed Mot. to Dismiss p. 5).  For, if a statute "mandate[s] exhaustion, a court cannot excuse it."  *Id.*; *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004).  The Court cannot ignore the statutory scheme established by the VEOA, and thus does not have jurisdiction over Plaintiff's alleged veterans preference claim.

Finally, Plaintiff objects to the Magistrate Judge's decision on the grounds that he was prevented from bringing both a VEOA and an ADEA claim together, and because Defendant's conduct allegedly violated both laws, "he had to choose [one]." (Pl.'s Objection to R&R p. 3.) Plaintiff supports this argument by indicating that the terms of the VEOA "make it clear that plaintiff may not pursue redress for an alleged VEOA violation at the same time he pursues redress for such violation under any other law, rule or regulation." *Id.*; 5 U.S.C. § 3330a(e)(2). Defendant responds to this objection by indicating that the Magistrate Judge rightly observed that § 3330a(e)(2) only "forbids the concurrent pursuit of redress for alleged veteran's preference violations." (Def.'s Opposition to Pl.'s Objections p. 15.) Defendant argues that Plaintiff was not pursuing redress for a violation under subsection (a), but rather, was pursuing redress for an

alleged violation of the ADEA. *Id.* The Court agrees with the Magistrate Judge's interpretation of § 3330a(e)(2) as only prohibiting plaintiff from concurrently pursuing redress for alleged *veterans' preference violations*. However, even if § 3330a(e)(2) did somehow prohibit Plaintiff from pursuing concurrent claims under the ADEA and the VEOA, the Court finds that the issue of whether or not Plaintiff could have brought two simultaneous suits does not change the fact that Plaintiff brought the wrong suit before the wrong tribunal. Plaintiff's claim under the ADEA will not render redress because the Maximum Age Requirement for CBP Officers is exempt from the ADEA under § 3307.

For the above reasons, the Court adopts and incorporates the Magistrate Judge's R&R and finds that, even accepting all the facts as stated in the Complaint as true, Plaintiff has failed to state a claim for which relief may be granted under the ADEA. Furthermore, the Court does not have jurisdiction over any alleged VEOA violation within Plaintiff's ADEA claim because Plaintiff has failed to exhaust administrative remedies under the VEOA.

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion to dismiss Plaintiff's Complaint is **GRANTED** and Plaintiff's case is **DISMISSED** with prejudice.[1]

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**July 13, 2010**
**Charleston, SC**

---

[1] This dismissal, with prejudice, relates only to Plaintiff's ADEA claim. This Order is without prejudice as to any claims Plaintiff may have under the VEOA and/or USERRA.